Chad M. Nicholson, ISB #7506
Gary S. Greenlee, ISB #10125
MCCONNELL WAGNER SYKES & STACEY PLLC
827 E. Park. Blvd, Suite 201
Boise, Idaho 83712
Telephone:  208.489.0100
Facsimile:  208.489.0110
nicholson@mwsslawyers.com
greenlee@mwsslawyers.com

Attorneys For Plaintiff Ryan Oliver

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **RYAN CLARK OLIVER**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**THE AMALGAMATED SUGAR COMPANY LLC**, a Delaware limited liability company, and **BAKERY CONFECTIONERY TOBACCO WORKERS AND GRAIN MILLERS INTERNATIONAL, AFL-CIO, LOCAL 284G**,<br><br>Defendants. | Case No. 1:20-cv-107<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

**COMES NOW,** Plaintiff Ryan Oliver, by and through his counsel of record, Chad M. Nicholson of McConnell Wagner Sykes & Stacey, PLLC, and for cause of action against Defendants The Amalgamated Sugar Company LLC and Bakery Confectionery Tobacco Workers and Grain Millers International, AFL-CIO, Local 284G (collectively "Defendants"), alleges as follows:

## PARTIES

1. At all times material hereto, Plaintiff Ryan Oliver ("Oliver") was an individual residing in the City of Nampa, County of Canyon, State of Idaho.

2. Defendant The Amalgamated Sugar Company LLC ("ASC") is a Delaware limited liability company whose principal place of business, upon information and belief, is in Boise, Ada County, Idaho.

3. Defendant Bakery Confectionery Tobacco Workers and Grain Millers International Union, AFL-CIO, Local 284G ("Local 284G") is an unincorporated labor organization within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5) (2004). At all times material herein, Local 284G has been a labor organization engaged in an industry affecting commerce as defined in the NLRA, 29 U.S.C. §§ 152(6) & (7) (2004). Local 284G represents bakery, confectionery, tobacco workers and grain millers who work in such industries in Nampa, Idaho. Local 284G, upon information and belief, maintains its headquarters in Boise, Ada County, Idaho.

## JURISDICTION AND VENUE

4. Oliver asserts civil claims arising under NLRA, 29 U.S.C. § 185 ("Federal Law Claims") providing this Court with jurisdiction of this matter pursuant to 29 U.S.C. § 185(c)(2).

5. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) and 29 U.S.C. § 185 as the defendants reside in, and the actions complained of took place in, this judicial district.

## GENERAL ALLEGATIONS

6. Oliver repeats herein by this reference each and every allegation set forth in Paragraphs 1 through 5, inclusive, as if said paragraphs were set forth hereat in full.

7. ASC and Local 284G entered into a collective bargaining agreement ("CBA") on or about September 2, 2015.

8. The term of the CBA was for the period of August 1, 2015 through July 31, 2020.

9. The CBA governed the terms and conditions of members of Local 284G at, *inter alia*, ASC's plant located in Nampa, Idaho ("Nampa Plant").

10. Oliver became an employee of ASC in approximately early 2015.

11. Oliver became a member of Local 284G upon the commencement of his employment with ASC.

12. Throughout the entirety of Oliver's employment with ASC, Oliver worked at the Nampa Plant.

13. On or about June 17, 2019, Oliver's employment with ASC was terminated by ASC ("Termination Meeting").

14. During the Termination Meeting, ASC claimed that the basis for Oliver's termination was an alleged prior warning ("Prior Warning") as well as an incident that allegedly occurred approximately one (1) week prior to June 17, 2019 ("Final Incident").

15. During the Termination Meeting, ASC alleged that Oliver had been placed on a "third-strike agreement" ("3rd Strike Agreement") and that the Final Incident was the third strike.

16. Prior to the Termination Meeting, Oliver had never received a written third-strike agreement nor had he been verbally advised that he had been placed on such an "agreement."

17. On June 18, 2019, a representative of Local 284G requested that ASC provide a copy of the purported 3rd Strike Agreement. ASC was unable to locate the purported agreement.

18. Pursuant to the CBA, Oliver had the right to appeal the termination of his employment pursuant to the grievance procedure set forth in the CBA.

19. Oliver and Local 284G initiated the grievance procedure but did not obtain a satisfactory outcome. As such, Oliver had the right to arbitrate his termination pursuant to the arbitration procedures set forth in the CBA.

20. Pursuant to the CBA, only ASC or Local 284G can initiate the arbitration procedure.

21. Oliver expressed his desire to pursue arbitration to Local 284G. Thereafter at an "e-board meeting" Local 284G voted to pursue arbitration on Oliver's behalf.

22. Local 284G then failed to timely file notice of the intention to arbitrate the termination of Oliver's employment.

## COUNT I
### *Wrongful termination against ASC*

23. Oliver repeats herein by this reference each and every allegation set forth in Paragraphs 1 through 22, inclusive, as if said paragraphs were set forth hereat in full.

24. The CBA requires that all written warnings and documented verbal warnings given to a member of Local 284G by ASC be provided to Local 284G.

25. ASC has not provided to Oliver or Local 284G the alleged Prior Warning or the alleged 3rd Strike Agreement.

26. The CBA provides that a member of Local 284G employment with ASC may only be terminated for "just cause."

27. Oliver did not engage in the conduct that he was alleged to have committed in the Final Incident. Moreover, the alleged conduct which formed the basis of the Final Incident did not constitute "just cause" for terminating Oliver's employment.

28. ASC's failure to provide Oliver and/or Local 284G with the alleged Prior Warning and the alleged 3rd Strike Agreement constitutes a material breach of the terms and conditions of the CBA.

29. ASC's termination of Oliver's employment in the absence of just cause constitutes a material breach of the terms and conditions of the CBA.

30. As a direct and proximate result of ASC's breaches of the CBA, Oliver has incurred damages including, but not limited to lost income, lost employment benefits, lost prospective retirement benefits, and lost promotion and income increase opportunities.

## COUNT II
### Breach of the Duty of Fair Representation against Local 284G

31. Oliver repeats herein by this reference each and every allegation set forth in Paragraphs 1 through 30, inclusive, as if said paragraphs were set forth hereat in full.

32. At all relevant times, Oliver was a member in good standing with Local 284G and worked under the CBA.

33. Local 284G's failure to timely initiate arbitration of the termination of Oliver's employment constitutes a breach of the duty of fair representation under the terms and conditions of the CBA and under Section 301(a) of the NLRA.

34. As a direct and proximate result of Local 284G's breach of its duty of fair representation, Oliver has incurred damages including, but not limited to lost income, lost employment benefits, lost prospective retirement benefits, and lost promotion and income increase opportunities.

35. Oliver has been forced to incur attorney fees as a result of Local 284G's breach of the duty of fair representation and is entitled to recover those fees and litigation costs pursuant to 29 U.S.C. § 185.

## DEMAND FOR JURY TRIAL

Oliver hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure for all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Oliver prays for judgment against Defendants as follows:

A. For entry of judgment in favor of Oliver and against ASC as follows:

1. For an amount of damages to be determined with particularity at trial, but presently believed to be in excess of $100,00.00;

2. For an award of attorneys' fees and costs in the sum of not less than Ten Thousand Dollars and 00/100's ($10,000.00) if judgment is entered by default, and such further amounts as the Court may find reasonable if this matter is contested; and

3. For such other and further relief as this Court deems just and proper.

B. For entry of judgment in favor of Oliver and against Local 284G as follows:

1. For an amount of damages to be determined with particularity at trial, but presently believed to be in excess of $100,00.00;

2. For an award of attorneys' fees and costs in the sum of not less than Ten Thousand Dollars and 00/100's ($10,000.00) if judgment is entered by default, and such further amounts as the Court may find reasonable if this matter is contested; and

3. For such other and further relief as this Court deems just and proper.

**DATED** this 2nd day of March 2020.

                MCCONNELL WAGNER SYKES & STACEY PLLC

                BY:   */s/ Chad M. Nicholson*
                         Chad M. Nicholson
                         Attorneys For Plaintiff Ryan Oliver